CASE NO. **C-3438-19-J**

| | | |
|---|---|---|
| LISA SANCHEZ AND MICHAEL SANCHEZ, AS NEXT FRIENDS OF ANDRE SANCHEZ AND MICHAEL SEBASTIAN SANCHEZ, | § § § § § | IN THE DISTRICT COURT |
| | § | HIDALGO COUNTY, TEXAS |
| v. | § § | |
| DOW, INC., DOW CHEMICAL COMPANY, DOW AGRO SCIENCES, LLC., and CORTEVA, INC. | § § § | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Now come Lisa Sanchez and Michael Sanchez, as next friends of Andre Sanchez and Michael Sebastian Sanchez (hereinafter "Plaintiffs" or "Plaintiffs' Minor/Guardian"), Plaintiffs, and file this their Original Petition, complaining of Dow, Inc. ("Dow"), Dow Chemical Company ("Dow Chemical"), DOW AGRO SCIENCES, LLC ("Dow Agro"), and Corteva, Inc. ("Corteva") (collectively referred to as "Defendants") Defendants, and would respectfully show to the Court as follows:

### I.      DISCOVERY CONTROL PLAN

1.      Plaintiffs intend to conduct discovery pursuant to Level 3 or the TRCP 190.4

### II.      PARTIES

2.      Plaintiffs Mike and Lisa Sanchez are the natural persons, who reside in Hidalgo County, Texas, and who were engaged in the pest control business in Hidalgo County, Texas at all times relevant to this case. Plaintiffs Mike and Lisa Sanchez are the parents, guardians and/or next friends of Andre Sanchez and Michael Sebastian Sanchez, who reside with their parents in Hidalgo County, Texas.

Exhibit C-1

**C-3438-19-J**

3.      Dow, Inc. is a foreign corporation registered under the laws of the state of Delaware with its principal place of business in Michigan. Dow, Inc. can be served by serving its registered agent for service of process The Corporation Trust Company at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801, County of New Castle.

4.      Dow Chemical is a foreign corporation registered under the laws of the state of Delaware with its principal office in Michigan. Dow Chemical can be served by serving its registered agent for service of process The Corporation Trust Company at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801, County of New Castle.

5.      Dow Agrosciences, LLC, is a foreign corporation and a wholly owned subsidiary of Dow Chemical Company. Its principal office is in Zionsville, Indiana and is a corporation registered under the laws of the state of Delaware. Dow Agrosciences, LLC can be served by serving its registered agent for service of process The Corporation Trust Company at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801, County of New Castle.

6.      Corteva, Inc., is a foreign corporation and wholly owned subsidiary of Dow Chemical Company, with its headquarters in Zionsville, Indiana. It is a corporation registered under the laws of the state of Delaware. Corteva, Inc. can be served by serving its registered agent for service of process The Corporation Trust Company at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801, County of New Castle.

## III.    JURISDICTION AND VENUE

7.      The Honorable Court has subject matter jurisdiction over this suit pursuant to Article V, Section 8, of the Texas Constitution. This Court has jurisdiction over the Defendants because Defendants conducted business in Texas and Hidalgo County. The amount of damages exceeds the jurisdictional minimum of this Court.

8.      Hidalgo County is the proper venue for this case, pursuant to Texas Civil Practice and Remedies Code ("TCPRC") Section 15.002(a)(1), because all or a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in Hidalgo County.

## IV.      STATEMENT OF FACTS

9.      In 1995, Lisa Sanchez began working for a company applying insecticides to residential properties and in 1997 Mike Sanchez joined her in the business. They operated the business as Bug Busters and Texas Pest Management. The company provided pre-termite treatments for residential and commercial properties. Mike and Lisa Sanchez used Dursban - a product manufactured, marketed, and sold by Defendants - until it was phased out/banned from residential and commercial use in 2001 – 2002.

10.     Dursban is a member of a class of chemicals developed during World War II to attack the nervous system. The Environmental Protection Agency banned Dursban because it posed serious health risks to women and children. Once of its components – chlorpyrifos – has been shown to cause a range of neurodevelopmental effects. Studies have shown that a fetus' exposure to chlorpyrifos cause lower IQ, delays in development, elevated risks of autism, attention deficient and hyperactivity disorders, reduced birth lengths and weights in children, and lung and prostate cancer.

11.     Defendants knew that chlorpyrifos – the most dangerous component in Dursban – posed serious health risks to women and children and make a conscious decision to withhold those human health risks to the public. They intentionally decided not include these warnings on the labels of its products containing chlorpyrifos so that the public, including Plaintiffs, would continue to use its products.

12.     Both Mike and Lisa Sanchez physically sprayed Dursban throughout 1998 and 1999. Lisa Sanchez stopped spraying the product after finding out that she was pregnant in 1999. However, Lisa continued to handle the product by purchasing and delivering the chemical to workers. Mike continued to spray Dursban throughout the life of the business. Defendants failed to adequately warn and notify the public, including Mike and Lisa, of these severe health risks until it was too late.

13.     Mike and Lisa's children, Andre and Michael, were born in 1999 and 2000, respectively. Both children suffer from severe developmental disorders and will continue suffer from these disorders for the remainder of their lives. Both Andre and Michael cannot and never will be able live without continuous and constant care.

## V.     CAUSES OF ACTION

14.     Plaintiffs hereby incorporate the preceding paragraphs as if fully set forth herein.

15.     At all times relevant to this case, Defendants were engaged in the business of manufacturing, marketing, supplying, processing, assembling, distributing, selling and/or placing in the stream of commerce, through its agents, servants, and/or employees, Dursban and other pesticides/insecticides containing chlorpyrifos (collectively "Hazardous Products"). Defendants manufactured, marketed, distributed, and sold the Hazardous Products throughout the United States and throughout Texas, and derived significant revenues from such sales in Texas.

A.     **Count 1 - *Negligence***

16.     Plaintiffs hereby incorporate the preceding paragraphs as if full set forth herein.

17.     Defendants breached their legal duties to Plaintiffs. Specifically, Defendants breached their duty to: (1) use reasonable care in the design, testing, manufacture, labelling, marketing, distributing and selling of the Hazardous Products; (2) test, sell, supply, process,

manufacture, market, distribute, assemble, deliver, furnish and/or place into the stream of commerce pesticides that are not misbranded; (3) sell, supply, market, distribute, deliver, furnish and/or place into the stream of commerce Hazardous Products with label statements that are not misleading and/or do not tend to create the false impression that such insecticides had been proven not to cause birth defects; (4) employ all economically feasible and reasonable, scientific, and up-to-date methods to reduce the risks of harm to human health from their products and/or test its products to determine whether it has the propensity to cause human birth and developmental defects; (5) reasonably keep abreast of the science relating to such pesticides; (6) discontinue selling, supplying, processing, manufacturing, marketing, distributing, assembling, delivering, furnishing, and/or placing into the stream of commerce Hazardous Products: (i) when there are economically and technologically feasible alternative products that pose less risks to the environment and/or human health; (ii) that are illegal, misbranded, and/or banned from commercial or residential use; (iii) after Defendants discovered the dangerous qualities and characteristics described herein; (7) properly instruct the purchasers, including Plaintiffs, that such Hazardous Products should not be used so as to come into contact with women who are, or may be, or may become pregnant; (8) use ordinary care to adequately warning and/or caution the purchasers, including Plaintiffs, about the risks of injury to fetuses and children of persons exposed to such Hazardous Products, which risks Defendants knew, should have known, and/or had reason to suspect and had not disproved by testing, and were not readily apparent to Plaintiffs; and/or (9) inform and warn the public, including Plaintiffs, of the Hazardous Products' dangerous qualities and characteristics after taking steps to hide and keep the known dangers of the chlorpyrifos and/or Dursban from the consuming public, including Plaintiffs (collectively "Duties").

**C-3438-19-J**

18.     As a proximate result of Defendants' actions and/or omissions, Plaintiffs purchased, used, and were exposed to such Hazardous Products. Plaintiffs Andre and Michael Sanchez sustained serious permanent physical and psychological injuries and related damages as a proximately result of Defendants' actions and/or omission.

### B. Count 2 – *Negligent Misrepresentation*

19.     Plaintiffs hereby incorporate the preceding paragraphs as if full set forth herein.

20.     Defendants represented to the public, including Plaintiffs, that the Hazardous Products were safe to use if the users complied with its warning labels and instructions. Defendants marketed, supplied, distributed, and sold the Hazardous Products without proper warnings or labels. Generally, labels and warnings are necessary to guide others on safety and proper use of the product. Defendants' marketing, supply, distribution, and sale of its Hazardous Products in this manner misstated its detrimental effects to human health and/or the severity of its dangerous qualities or conditions; they gave false information to the public, including Plaintiffs. Defendants failed to comply with their duty to disclose the dangerous characteristics and qualities of the Hazardous Products to the public, including Plaintiffs, after discovering them.

21.     Defendants did not use reasonable care in obtaining or communication the information as described in Section V(A).  Plaintiffs justifiably relied on the instructions and warning labels for the Hazardous Products by following them and using them in the manners prescribed.

22.     As a proximate result of Defendants' actions and/or omissions, Plaintiffs purchased, used, and were exposed to such Hazardous Products. Plaintiffs Andre and Michael Sanchez sustained serious permanent physical and psychological injuries and related damages as a proximately result of Defendants' actions and/or omission.

**C. Count 3 – *Negligence per se***

23.    Plaintiffs hereby incorporate the preceding paragraphs as if full set forth herein.

24.    Defendants' breach of its Duties involved the distribution and sales of misbranded pesticides within the meaning of 7 U.S.C. § 136(q)(1)(A), (G) and (F). As such, Defendants' actions and/or omissions constitute unlawful acts within the meaning of 7 U.S.C. § 136j(a)(1)(E). Defendants' violation of these statute were without legal excuse.

25.    These statutes are designed to protect the general public from the sale and distribution of misbranded pesticides. Plaintiffs belong to the class of persons that these statutes are designed to protect and they suffered from the types of injury that this statute is designed to protect.

26.    These statutes are of the type that impose tort liability because: (1) they are penal in nature; (2) the imposition of civil liability is consistent with legislative intent; (3) it imposes mandatory conduct that the public must do or refrain from doing; and (4) imposing tort liability would be fair, workable and wise. There are a wide array of criminal penalties for violations of 7 U.S.C. § 136j(a)(1)(E) as described in 7 U.S.C.A. § 136l(b). Violators of this statute can be fined $50,000.00 and imprisoned for up to one year.

27.    These statutes defines the conduct that is prohibited, which provides a mandatory standard of conduct for which negligence per se can be applied. Furthermore, the statute defines conduct that is already governed by a common law duty (e.g., duty to provide properly label and warn). Therefore, application of negligence per se will not create a new type of tort liability or cause any great change in the law.

28.    As a proximate result of Defendants' actions and/or omissions, Plaintiffs purchased, used, and were exposed to such Hazardous Products. Plaintiffs Andre and Michael

Sanchez sustained serious permanent physical and psychological injuries and related damages as a proximately result of Defendants' actions and/or omission.

### D. Count 4 – *Gross Negligence*

29.     Plaintiffs hereby incorporate the preceding paragraphs as if full set forth herein.

30.     Defendants had actual subjective awareness of the risks to pregnant women, fetuses, and children, and took affirmative steps to hide and keep the known dangers of their Hazardous Products from the consuming public. Defendants' failure to warn the public, including Plaintiffs, and their intentional concealment of its Hazardous Products' dangers involved an extreme degree of risk considering the probability and magnitude of the potential harm to the purchasers, including Plaintiffs.

### E. Count 5 – *Strict Products Liability*

31.     Plaintiffs hereby incorporate the preceding paragraphs as if full set forth herein.

32.     The misbranding of such Hazardous Products as described above constituted marketing defects which rendered such pesticides unreasonably dangerous to fetuses and children of persons exposed to them, including Plaintiffs, for their intended use. Defendants knew or should have known of the Hazardous Products' potential risks of harm as described herein, however, they marketed them without adequately warning the public, including Plaintiffs, of the Hazardous Products' dangers and failed to provide instructions for safe use.

33.     Such marketing defects were producing causes of Plaintiffs' physical injuries, psychological injuries, and related damages made the subject of this suit. Defendants are therefore liable to Plaintiffs for such damages, pursuant to Section 402A of the Restatement of Torts (Second) as adopted and applied in Texas.

Electronically Filed
8/9/2019 4:54 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**F.  Count 6 – *Breach of Warranty***

34.    Plaintiffs hereby incorporate the preceding paragraphs as if full set forth herein.

35.    Defendants' distribution and sales of such misbranded pesticides as described herein constituted breaches of the warranty of merchantability within the meaning of Texas Business & Commerce Code ("TBCC") Sections 2.314(a) and 2.314(b)(3) because such distribution and sales were unlawful acts within the meaning of 7 U.S.C. § 136j(a)(1)(E).  Such TBCC violations were producing causes of Plaintiffs' physical injuries, psychological injuries, and related damage made the subject of this lawsuit.  Defendants are therefore liable to Plaintiffs for such damages, pursuant to TBCC §§ 2.714(c) and 2.715(b)(2).

## VI.    DAMAGES

36.    Plaintiffs hereby incorporate the preceding paragraphs as if fully set forth herein.

37.    Defendants' actions and/or omissions, individually and/or collectively, as described herein, proximately caused Plaintiffs' damages, which include past and probable future medical and custodial care expenses, past and probable future physical impairment, past and probable future mental anguish, past and probable future loss of household services during their majority, past and probable future loss of earning capacity during their majority, fair and reasonable compensation for each of which would be within the jurisdictional limits of the Court. Moreover, Plaintiffs are entitled to exemplary damages and attorney fees pursuant to the Texas Civil Practice and Remedies Code.

38.    Defendants' manufacturing, marketing, distribution and sales of such misbranded Hazardous Products constituted intentional and/or reckless conduct within the meaning of Texas Penal Code ("TPC") Section 6.03, which caused Plaintiffs' damages as described herein. Defendants' reprehensible conduct amounts to physical assault pursuant to Texas's assault statute.

Moreover, Defendants' actions and/or omissions rise to the level of gross negligence and malice within the meaning of TCPRC Chapter 41, so as to render Defendants liable to Plaintiffs for exemplary damages.

39.     Plaintiffs seek unliquidated damages within the jurisdictional limits of this Court as described in the relevant sections above. However, in an effort to give Defendants proper notice of damages requested, Plaintiffs, at a maximum, will ask for $50,000,000.00.

## VII.   JURY DEMAND

40.     Plaintiffs demand a jury trial and has already tendered the appropriate fee in this case.

## VIII.   CONDITIONS PRECEDENT

41.     All conditions precedent to Plaintiffs' claims for relief have been performed or have occurred.

## IX.     INITIAL AND ONGOING REQUEST FOR DISCLOSURE

42.     Under Texas Rule of Civil Procedure 194, Plaintiffs request that Defendants disclose, within 30 days of the service of this request, the information or material described in Rule 194.2. This is a continuing and ongoing request for disclosure requiring the Defendants to update its disclosures as new information becomes available.

## X.     PRAYER

43.     For these reasons, Plaintiffs ask that the court issue citation for Defendants to appear and answer, and that Plaintiffs be awarded a judgment against Defendants for the following:

a. Actual damages;

b. Exemplary damages;

c. Prejudgment and post judgment interest;

**C-3438-19-J**

d. Court Costs;

e. Attorney fees;

f. All other relief to which Plaintiffs are entitled, in law or in equity.

Respectfully submitted,

**LAW OFFICE OF BENIGNO (TREY) MARTINEZ**
1201 E. Van Buren
Brownsville, Texas 78520
Ph. (956) 546-7159
Fax (956) 544-0602

Benigno (Trey) Martinez
State Bar No. 00797011
Tomas Tijerina
State Bar No. 24070746
Eduardo T. Ortiz
State Bar No. 24092926