**THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| LISA SANCHEZ & MICHAEL SANCHEZ, AS | § | |
| NEXT FRIENDS OF ANDRE SANCHEZ & | § | |
| MICHAEL SEBASTIAN SANCHEZ, | § | CIVIL ACTION NO. 7:19-CV-00341 |
| *Plaintiffs*, | § | |
| v. | § | JURY DEMANDED |
| | § | |
| DOW, INC., THE DOW CHEMICAL | § | |
| COMPANY, DOW AGROSCIENCES LLC, & | § | |
| CORTEVA, INC., | § | |
| *Defendants.* | § | |

## JOINT DISCOVERY PLAN
## UNDER FRCP 26(f)

[Please restate the instruction in **bold** before furnishing the information.]

1.  **State when and in what manner the parties conferred as required by Rule 26(f), and identify the counsel and/or parties who participated in the conference.**

    The Rule 26(f) conference took place by telephone on October 17, 2019, and continued by telephone on October 22, 2019. Counsel for Plaintiffs Trey Martinez and Eduardo Ortiz, and counsel for the Defendants Jonathan Shoebotham and William Padgett, participated in the conference.

2.  **List by case number and court any cases related to this one that are pending in any state or federal court and describe how they are related.**

    There is no pending case related to this one. However, these same Plaintiffs filed an essentially identical prior case against two of the Defendants in the current case, Dow AgroSciences LLC ("DAS") and The Dow Chemical Company ("TDCC"), as well as several other defendants, in Cause no. C-1199-09-F, Lisa Sanchez and Michael Sanchez, as next friends of Andre Christian Sanchez and Michael Sebastian Sanchez, Minors v. Dow AgroSciences, LLC, et al., in the 332nd Judicial District Court of Hidalgo County, Texas "Sanchez I"). The prior case was filed on April 29, 2009. TDCC was nonsuited from the prior case on or about February 4, 2010, and DAS was nonsuited from the prior case on or about August 17, 2011. Defendants understand that Plaintiffs entered into substantial settlements with the other defendants in Sanchez I, and nonsuited at least one other defendant in Sanchez I, Cheminova.

3.  **Briefly describe what this case is about.**

    Plaintiffs allege that Andre Christian Sanchez and Michael Sebastian Sanchez suffer from severe developmental disorders, which they claim were caused by the alleged exposures of their parents Lisa and Michael Sanchez in their pest control business to chlorpyrifos

1

containing insecticides manufactured and sold by Defendants.

Defendants contend that this case is barred by the applicable Texas statute of limitations and statute of repose. Defendants further deny that Lisa or Andre/Michael were exposed to any product that they manufactured or sold, or that any such product was the cause of any injuries or damages to the Plaintiffs. Defendants incorporate herein the defenses alleged in their Answer.

**4.      Specify the allegation of federal jurisdiction.**

This case was removed from the 430th District Court of Hidalgo County pursuant to 28 USC §§ 1332, 1441, and 1446. This Court maintains jurisdiction over this action under 28 USC § 1332, as there exists complete diversity between the parties and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs.

**5.      Name the parties who disagree with the jurisdictional allegations and state their reasons.**

None.

**6.      List anticipated additional parties that should be included, when they can be added, and by which parties desire their inclusion.**

The parties do not anticipate adding additional parties.

**7.      List anticipated interventions.**

The parties are not aware of any anticipated interventions.

**8.      Describe any class-action issues.**

There are no class-action issues.

**9.      State whether each party represents that it has made the initial disclosures required by FRCP 26(a). If not, describe the arrangements that have been made to complete such disclosures.**

At the Rule 26(f) conference, counsel agreed to make initial disclosures by November 27, 2019.

**10.     Describe the discovery plan agreed by the parties by stating:**

**A.      What changes should be made in the timing, form or requirement for disclosures under Rule 26(a).**

Plaintiffs and Defendants have agreed to make initial disclosures by November 27, 2019.

Defendants plan to file early motions for summary judgment based upon the Texas statute of limitations and Texas statute of repose.  As noted above, on April 29, 2009, these same Plaintiffs filed a prior case against Defendants Dow AgroSciences LLC ("DAS") and The Dow Chemical Company ("TDCC"), and other defendants, in the 332nd District Court of Hidalgo County, Texas.  Plaintiffs nonsuited TDCC on or about February 4, 2010, and nonsuited DAS on or about August 17, 2011. Defendants' motions for summary judgment will seek a final judgment dispositive of this case.  Defendants propose to focus discovery during the first 90 days on issues concerning this prior case, including discovery regarding the conduct and disposition of the prior case after DAS was nonsuited, and discovery regarding any settlements obtained by Plaintiffs from other defendants in connection with the prior case.  Defendants propose to conclude this discovery and file motions for summary judgment by February 28, 2020.

**B.      When and to whom the plaintiff anticipates it may send interrogatories.**

Plaintiffs anticipate sending interrogatories to the Defendants by January 31, 2020.

**C.      When and to whom the defendant anticipates it may send interrogatories.**

Defendants anticipate sending interrogatories to Plaintiffs by December 2, 2019.

**D.      Of whom and by when the plaintiff anticipates taking oral depositions.**

Plaintiffs anticipate taking the depositions of Defendants' corporate representatives and any fact witnesses disclosed by the Defendants.

**E.      Of whom and by when the defendant anticipates taking oral depositions.**

Defendants anticipate taking the depositions of the Plaintiffs Lisa and Michael Sanchez within the next 180 days.

Defendants anticipate taking the depositions of any fact witnesses disclosed by the Plaintiffs, to the extent necessary and/or not previously deposed in Sanchez I.

**F.      When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiffs anticipate that they will be able to designate experts and provide reports by September 30, 2020.

Defendants anticipate that they will be able to designate experts and provide reports by November 30, 2020.

**G.      List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.  See Rule**

**26(a)(2)(B) (expert report).**

Plaintiffs anticipate taking the depositions of any experts designated by Defendants, and anticipates completing them by January 29, 2021.

**H.** **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Defendants anticipate taking the depositions of any experts designated by Plaintiffs, and anticipates completing them by November 13, 2020.

**11.** **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

Not applicable.

**12.** **Specify the discovery beyond initial disclosures that has been undertaken to date.**

The parties have not undertaken discovery beyond initial disclosures in this case. However, the parties engaged in extensive discovery for over two years in the prior case which was filed in the 332nd District Court of Hidalgo County, Texas.

**13.** **State the date the planned discovery can reasonably be completed.**

Defendants propose to complete discovery necessary to file their motions for summary judgment based upon the statute of limitations and statute of repose by February 28, 2020. If additional discovery is necessary thereafter, the parties believe it can be completed by May 28, 2021.

**14.** **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

All parties are open to the possibilities of prompt settlement resolution.

**15.** **Describe what each party has done or agreed to do to bring about a prompt resolution.**

Each party has agreed to cooperate in sharing informal information, including information and documents related to the proceedings in Sanchez I, in the very near future for various reasons.

**16.** **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

Mediation will likely be the ADR technique most suitable in this case.

526936.000002 22843909.1

**17.**    **Magistrate judges may now hear jury and non-jury trials.  Indicate the parties' joint position on a trial before a magistrate judge.**

The parties do not agree on a trial before a magistrate judge.

**18.**    **State whether a jury demand has been made and if it was made on time.**

A timely jury demand was made by both Plaintiffs and Defendants.

**19.**    **Specify the number of hours it will take to present the evidence in this case.**

Due to the complexity of the scientific and medical issues, and the need for expert testimony, the parties estimate that it will take approximately 80 hours to present the evidence in this case.

**20.**    **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

Defendants have filed a motion for admission of William Padgett *pro hac vice*.  This motion is unopposed by Plaintiffs.

**21.**    **List other motions pending.**

None at this time.

**22.**    **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

Defendants intend to file early motions for summary judgment based upon the Texas statutes of limitations and repose.  These motions will seek a final judgment dispositive of this case.  As noted above, Defendants propose to focus discovery during the first 90 days of the discovery period on obtaining evidence relevant to these motions for summary judgment.  This would include evidence regarding the case previously filed by Plaintiffs in state court, and in particular the conduct and disposition of that case after DAS was nonsuited, and any settlements by the Plaintiffs with other defendants in that prior case.  Defendants propose that the parties focus on this discovery at the beginning of the discovery period in order to allow for the filing of motions for summary judgment by February 28, 2020.

**23.**    **List the names, bar numbers, addresses and telephone numbers of all counsel.**

Counsel for Plaintiffs :                          Benigno (Trey) Martinez
                                                              State Bar No. 00797011
                                                              Tomas Tijerina
                                                              State Bar No. 24070746
                                                              Eduardo T. Ortiz
                                                              State Bar No. 24092926
                                                              Law Office of Benigno (Trey) Martinez

5

1201 E. Van Buren
Brownsville, Texas 78520
956-546-7159
956-544-0602 (Fax)

Counsel for Defendants:

Jonathan B. Shoebotham
State Bar No. 18286800
Federal ID No. 2954
Caitlin Gernert
State Bar No. 24093140
Thompson & Knight LLP
811 Main Street, Suite 2500
Houston, Texas 77002
Phone: (713) 654-8111
Fax: (713) 654-1871

William Padgett
Barnes & Thornburg LLP
11 South Meridian Street
Indianapolis, IN 46204-3535
Direct: (317) 231-7353
Mobile: (317) 627-6357
Fax: (317) 231-7433
(pending application for admission
*pro hac vice*)

Dated: October 25, 2019

Respectfully submitted,

By:     */s/ Benigno (Trey) Martinez*
Benigno (Trey) Martinez
State Bar No. 00797011
Tomas Tijerina
State Bar No. 24070746
Eduardo T. Ortiz
State Bar No. 24092926

**LAW OFFICE OF BENIGNO (TREY) MARTINEZ**
1201 E. Van Buren
Brownsville, Texas 78520
956-546-7159
956-544-0602 (Fax)

ATTORNEYS FOR PLAINTIFFS

6

By:     */s/ Jonathan B. Shoebotham*
        Jonathan B. Shoebotham
        Attorney-In-Charge
        State Bar No. 18286800
        Federal ID No. 2954
        jonathan.shoebotham@tklaw.com
        Caitlin Gernert
        State Bar No. 24093140

        **THOMPSON & KNIGHT LLP**
        811 Main Street, Suite 2500
        Houston, Texas 77002
        Phone: (713) 654-8111
        Fax: (713) 654-1871

ATTORNEYS FOR DEFENDANTS
CORTEVA, INC., DOW, INC., THE DOW
CHEMICAL COMPANY, AND DOW
AGROSCIENCES LLC

526936.000002 22843909.1